# WRITTEN CONSENT TO ACTION WITHOUT FORMAL MEETING
# AND TO APPROVE VARIOUS RESOLUTIONS VIA TELEPHONIC
# MEETING AND SIGNATURE OF APPROPRIATE CORPORATE
# RESOLUTIONS

The undersigned SHAREHOLDER, as sole Shareholder, of 7D BUSINESS BUREAU, Inc. hereby unanimously consents, without required meeting, and respective notice to such meeting, as follows:

**APPROVED**, that Mr. Yosef Y.Manela, Esq, as Director and Officer of the company is authorized, instructed, and commanded to bind the Company, in its' capacity as the Managing Member of 7DT Business Properties, LLC to complete the acquisition on behalf of the subsidiary the condominium units located at 432 North Oakhurst Drive, Units 103 and 203 in Beverly Hills, CA 90210, and to sign any and all necessary paperwork required to consummate the purchase of these condominium units, including but not limited to the purchase and sale agreement, related disclosures, escrow documents, insurance agreements, title documents. Such signatures may be in writing or may be signed electronically.

**FURTHER APPROVED**, that Mr. Yosef Y.Manela, Esq, as Director and Officer of the company may transfer funds currently deposited in his attorney client trust account on behalf of the Company up to the amount of Two Million Seven Hundred and Five thousand ($2,705,000) into the Escrow Account as required to effect such purposes as further evidenced by the buyer closing documents for the acquisition of such properties as attached hereto until such time as a written instruction to the contrary is provided.

**FURTHER APPROVED**, that Mr. Yosef Y.Manela, Esq, as Director and Officer of the company may communicate freely on behalf of the company with shareholder's legal counsel in various countries to effect this transaction as well as with the local brokers, agents, and representatives.

Dated: December 6, 2013

Ms. Oksana Terekhova

Shareholder Initials OT

ESCROW AGREEMENT

December 4, 2013

Mr. Yosef Y. Manela, Esq.
6300 Wilshire Blvd,
Suite 2030
Los Angeles, CA 90048
323-782-0818 fax 323-782-0828

Mr. Manela:

The following constitutes the Escrow Agreement as defined and provided for pursuant to the Shareholder Resolution of 7D Business Bureau, Inc, and any related Member Resolutions of 7DT Business Properties, LLC (the "Company"), whose mailing address is 6300 Wilshire Blvd, Suite 2030, Los Angeles, CA 90048, and Oksana Terekhova, both in her personal capacity and as Trustee of the shareholder trust (the "ST"), ("Terekhova" and, together with ST, the "Shareholder Group") whose mailing address is also 6300 Wilshire Blvd, Suite 2030, Los Angeles, CA 90048. The Shareholder Group together with the Company, are hereinafter collectively referred to as the "Parties"). This Escrow Agreement, (the "Agreement") is made by and among the Parties and Mr. Yosef Y. Manela, Esq., as escrow agent, ("Escrow Agent"). Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Operating Agreement.

1.     ESCROW :   The Parties hereby designate and appoint the Escrow Agent as escrow agent to serve in accordance with the terms and conditions of this Agreement. The Escrow Agent accepts such appointment and agrees to serve in such capacity on the terms and conditions hereof. The Escrow Agent, by counter-signing this Agreement, acknowledges receipt from the Shareholder Group of the sum of $3,500,000 (the "Escrowed Funds"). The Escrow Agent will hold the Escrowed Funds in accordance with the terms and conditions of this Agreement.

2.     ESCROW ACCOUNT:   The Escrowed Funds shall be held in Escrow attorney client trust account (the "Account"). This shall be an interest-bearing account, and shall earn interest to the benefit of the Party determined or agreed to be entitled to payment (or proportionately, if both should become entitled to any such payment) of the principal, as set forth below.

3.     DISBURSEMENT:

Unless otherwise directed in a joint written letter of instructions signed by the Parties, Escrow Agent shall release and pay the Escrowed Funds as follows:

A. Escrow Agent shall immediately transfer up to $2,705,000 of the funds ("Preliminary Funds") to the Fidelity National Title escrow account, wiring instructions for which are attached, for the acquisition and purchase of two condominium units at 432 North Oakhurst Drive, Units 103 and 203, in Beverly Hills, CA 90210, the cover pages of such closing statements are attached as well so that the Company may immediately utilize

1

Shareholder Initials OT

those funds consistent with the shareholder resolution; provided however, that the Escrow Agent is authorized to deduct and utilize up to $5,000 of the Preliminary Funds to cover any ancillary costs, including but not limited to additional escrow fees, outside real estate attorney fees, and contractor reviews.

4.  REPRESENTATIONS

The Shareholder Group and the Company hereby represents and warrants to Escrow Agent that this Agreement has been duly and validly authorized, executed and delivered by the Parties and constitutes a valid, binding and enforceable agreement of each of the respective Parties, except as such enforceability may be subject to or affected by applicable bankruptcy, insolvency, reorganization, moratorium or similar laws affecting the rights of creditors generally.

5.  EXCULPATION AND INDEMNIFICATION

A.  Escrow Agent shall have no duties or responsibilities other than those expressly set forth herein to anyone else ("Other Party").  Escrow Agent shall have no duty to enforce any obligation of any person, to make any payment or delivery, or to direct or enforce any obligation of any person to perform any other act, except for the payment of funds in accordance with this Agreement.

B.  Escrow Agent shall not be liable for any action taken or omitted by him, or any action suffered by it to be taken or omitted, in good faith and in the exercise of his own best judgment, and may rely conclusively and shall be protected in acting upon any order, notice, demand, certificate, opinion or advice of counsel (including counsel chosen by Escrow Agent), statement, instrument, report or other paper or document (not only as to its due execution and the validity and effectiveness of its provisions, but also as to the truth and acceptability of any information therein contained) which is believed by Escrow Agent in good faith to be genuine and to be signed or presented by the proper person or persons. Escrow Agent shall not be bound by any notice or demand, or any waiver, modification, termination or rescission of this Agreement or any of the terms hereof, unless evidenced by a writing delivered to Escrow Agent signed by the proper party or parties and, if the duties or rights of Escrow Agent are affected, unless it shall give its prior written consent thereto.

C.  Escrow Agent shall not be responsible for the sufficiency or accuracy of the form of, or the execution, validity, value or genuineness of, any document or property received, held or delivered by it hereunder, or of signature or endorsement thereon, or for any description therein, nor shall Escrow Agent be responsible or liable in any respect on account of the identity, authority or rights of the persons executing or delivering or purporting to execute or deliver any document or property or this Agreement.

2

Shareholder Initials

D. Escrow Agent shall be indemnified and held harmless against any liability for taxes and for any penalties or interest in respect of taxes, on such investment income or payments in the manner provided below.

E. Escrow Agent shall be indemnified and held harmless, jointly and severally, by the Parties from and against any expenses, including counsel fees and disbursements, or loss suffered by Escrow Agent in connection with any claim or demand, which, in any way, directly or indirectly, arises out of or relates to this Agreement, Escrow Agent's services hereunder; except, that if Escrow Agent shall have committed willful misconduct, fraud or gross negligence, then, in that event, Escrow Agent shall bear all such losses, claims, damages and expenses. Promptly after the receipt by Escrow Agent of notice of any demand or claim or the commencement of any action, suit or proceeding, Escrow Agent shall, if a claim in respect thereof is to be made against any of the other parties hereto, notify such other parties thereof in writing; but the failure by Escrow Agent to give such notice shall not relieve any party from any liability which such party may have to Escrow Agent hereunder. For the purposes hereof, the terms "expense" and "loss" shall include all amounts paid or payable to satisfy any claim, demand or liability, or in settlement of any claim, demand, action, suit or proceeding settled with the express written consent of the parties hereto, and all costs and expenses, including, but not limited to, reasonable counsel fees and disbursements, paid or incurred in investigating or defending against any such claim, demand, action, suit or proceeding.

6.    OTHER TERMS AND CONDITIONS.

A. In the absence of written notice to the contrary from the proper person or persons, Escrow Agent shall have the right to assume that a fact or an event, by reason of which an action would or might be taken by Escrow Agent, does not exist or has not occurred without incurring liability for any action taken or omitted, or any action suffered by it to be taken or omitted, in good faith and in the exercise of his own best judgment, in reliance upon such assumption.

B. Escrow Agent  will be entitled to treat as genuine, and as the document it purports to be, any letter, paper, telex, facsimile or other document furnished or caused to be furnished to Escrow Agent by the Parties and believed by Escrow Agent in good faith to be genuine and to have been transmitted by the proper party or parties.

C. This Agreement shall not be modified, or amended except by a written instrument signed by the Shareholder Group and Company. This Agreement shall be governed by the Laws of the State of California.

D. The Parties and the Escrow Agent acknowledge that Escrow Agent is counsel for the Company and that, except for the indemnification provisions set forth herein, Shareholder Group shall have no obligation to pay any legal or other professional fees of Escrow Agent or otherwise reimburse Escrow Agent of any expenses or

3

Shareholder Initials _____

pay any other amount in connection with Escrow Agent's actions under this Agreement.

E. This Agreement may be executed in any number of counterparts, including by fax or email (in PDF format), each of which shall be deemed to be an original and all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the date first above written.

The Shareholder Group

By: _____
Oksana Terekhova, Trustee

_____
Oksana Terekhova, Shareholder

**COMPANY:**

7DT Business Bureau, Inc.

By: _____     Date _12. 6. 2013_
Oksana Terekhova, Shareholder

By: _____     Date  December 6, 2013
Yosef Y. Manela, Director

**ACCEPTED AND AGREED:**

_____
Yosef Y. Manela, Esq.

4

Shareholder Initials _OT_

**EXHIBIT 1**
**TO**
**GRANT DEED**

**LEGAL DESCRIPTION**

Real property in the City of Beverly Hills, County of Los Angeles, State of California, which is described as follows (collectively, the *"Property"*):

**PARCEL NO. 1**

Unit <u>103</u> (the *"Unit"*) as shown and described in the Condominium Plan for 432 North Oakhurst (the *"Plan"*) Recorded on December 6, 2012, as Document No. 2012-1870437 of Official Records of Los Angeles County (*"Official Records"*), which Plan affects Lot 1 of Tract No. 63361 as shown on a subdivision map (*"Map"*) Filed in Book 1362 at Pages 3 to 5, inclusive, of Maps, in the Office of the Los Angeles County Recorder.

FURTHER RESERVING THEREFROM, for the benefit of Grantor, its successors in interest and assignees, together with the right to grant and transfer all or a portion of the same, provided, however, that the exercise of such rights and easements shall not unreasonably interfere with Grantee's reasonable use and enjoyment of the Property, nonexclusive easements for access, ingress, egress, encroachment, enforcement, support, completion, maintenance, drainage, use, enjoyment, repairs, public service use, and for the installation, maintenance and repair of utilities and similar facilities (including, but not limited to, electrical, telephone, gas, water and sewer lines, utility meters, storm drains, Telecommunications Facilities, and for other purposes, all as may be shown on the Plan or the Map or otherwise of record, or as described or reserved in the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for 432 North Oakhurst (as may be amended from time to time, the *"Declaration"*), recorded on December 12, 2012, as Document No. 2012-1911623 of Official Records. Capitalized terms used in this Grant Deed shall have the meanings given them in the Declaration, unless otherwise defined herein.

FURTHER RESERVING THEREFROM, for the benefit of Grantor, its successors in interest, assignees, representatives and contractors, the right to enter the Property and the Exclusive Use Areas described below (i) for inspection and repair of Improvements in accordance with the provisions of the "Right to Repair Law" (as defined below), (ii) to accommodate construction activities, and (iii) to comply with requirements of applicable governmental agencies. Grantor shall provide reasonable notice to Grantee before such entry, except for emergency situations which shall not require prior notice but shall require notice to Grantee within seven (7) days after such entry was made. For purposes hereof, an "emergency" is deemed to exist where there is an imminent threat of injury to persons or damage to property. Nothing in this paragraph limits the right of Grantee to exclusive occupancy and control over the Property. Any damage to the Property or to the Improvements constructed thereon caused by entry under this paragraph shall be repaired by the Grantor. Provided, however, that the Grantor's obligation to restore damage to the Property shall be limited to restoring it to the condition it was in immediately before such damage. If Grantee refuses to allow Grantor to exercise the rights reserved in this paragraph, then Grantor may enforce its rights with all legal and equitable remedies available to Grantor. The term of this reservation of right of entry shall

1-1

automatically expire on the date that is twelve (12) years after the date on which this Grant Deed is Recorded in Official Records.

FURTHER RESERVING THEREFROM, for the benefit of Grantor, and its successors in interest and assignees, together with the right to transfer the same, nonexclusive easements for ingress, egress, access, encroachment, support, maintenance, repairs, drainage, enforcement and all other purposes as set forth in the Declaration and the Map.

**PARCEL NO. 2**

An undivided fee simple interest as a tenant in common in and to the Common Area described in the Plan, which interest is expressed as a fraction, the numerator of which is one (1) and the denominator of which is the number of Units shown in the Plan.

**PARCEL NO. 3**

Exclusive easements appurtenant to Parcel No. 1 described above, over portions of Lot 1 of Tract No. 63361, for use and enjoyment of rooftop deck, balcony or yard, as applicable and as described, assigned and approximately depicted in the Plan. Grantee's use and enjoyment of the foregoing easements are subject to the restrictions in the Governing Documents, including the restrictions of Sections 2.2.1, 2.2.2, 2.2.3 (as applicable) and the maintenance requirements of *Exhibit C* of the Declaration.

**PARCEL NO. 4**

Exclusive easements in the Parking Garage for parking of Authorized Vehicles in assigned Parking Space(s) numbered 81, 82 and 83, as numbered and approximately depicted in the Plan, together with nonexclusive easements in the parking structure and over the private driveways on Lot 1 as reasonably necessary for access to and from public streets. Grantee's use and enjoyment of the foregoing easements are subject to the restrictions in the Governing Documents, including the parking and transfer restrictions set forth in Sections 2.2.4, 2.10 and the maintenance requirements of *Exhibit C* of the Declaration.

**PARCEL NO. 5**

Exclusive easements over portions of Lot 1 of Tract No. 63361 for use and enjoyment of the assigned Storage Unit No. 27 as numbered and approximately depicted in the Plan and described in the Declaration. Grantee's use and enjoyment of the foregoing easements are subject to the restrictions in the Governing Documents, including the restrictions on transfer, the maintenance requirements and the restrictions on storage of hazardous materials set forth in Section 2.2.5 and *Exhibit C* of the Declaration.

**PARCEL NO. 6**

Exclusive easements for placement, maintenance and operation of an air conditioning compressor and related equipment to the extent the same are located outside the Unit boundaries. Grantee's use and enjoyment of the foregoing easements are subject to the restrictions in the Governing Documents.

6866-112815\DEED\1067460.4
6/10/13
Shareholder Initials

**PARCEL NO. 7**

Nonexclusive easements for access, egress, ingress, use, enjoyment, drainage, encroachment, support, maintenance, repairs, for internal and external telephone wiring designed to serve a single Unit, and for other purposes, all as described and reserved in the Declaration, the Plan and the Map.

**SUBJECT TO:**

1.    Nondelinquent general and special real property taxes and public and private assessments;

2.    All covenants, conditions, restrictions, easements, reservations, rights and rights-of-way of record, including without limitation, the Declaration, the Plan and the Map;

3.    All (i) matters discoverable or ascertainable by inspection or survey of the Property, (ii) zoning ordinances and regulations and any other laws, ordinances or governmental regulations restricting the use, occupancy or enjoyment of the Property, and (iii) any other matters already permitted or approved by Grantee; and

4.    The following provisions (collectively, the *"Right to Repair Provisions"*) pertaining to matters governed by the Requirements for Actions for Construction Defects set forth in Sections 895 through 945.5 of Title 7, Part C, Division 2 of the California Civil Code, and successor statutes (the *"Right to Repair Law"*):

4.1    **Disposition of Right to Repair Law Claims; Grantor Election to Use Statutory Process**.  Grantee is hereby notified of the existence of the nonadversarial dispute resolution procedures set forth in California Civil Code Sections 910 through 938 *("Prelitigation Procedure")*.  The Prelitigation Procedure impact the legal rights of the Grantee and Grantee's successors, assigns, subsequent owners, heirs, and parties holding any right or interest in the Property.  Grantor further notifies Grantee that Grantor intends to engage in the Prelitigation Procedure for the resolution of Right to Repair Law Claims (as defined in the Declaration).  If a Right to Repair Law Claim is not resolved after submittal to the Prelitigation Procedure, then the Right to Repair Law Claim will be submitted to binding arbitration or judicial reference in accordance with Section 12.4.6 or 12.4.7, respectively, of the Declaration.  To the extent that the Property was constructed by a general contractor or contractor that is an affiliate of Grantor and that is deemed to be the "builder" pursuant to California Civil Code Section 911, Grantor provides the foregoing notice on behalf of such general contractor and/or contractor.

4.2    **Grantee Acknowledgment of Receipt.**  Grantee, by accepting title to the Property, acknowledges that Grantor has provided, and Grantee has received, the following:

(a)    *Right to Repair Law*.  A written copy of the Right to Repair Law, which Grantee covenants to provide to any subsequent purchaser of the Property from Grantee.

(b)    *Fit and Finish Limited One Year Warranty*.  Grantee shall provide a copy of Grantor's Fit and Finish One Year Limited Warranty to any successor

1-3

purchaser of the Property who acquires the Property on or before the first anniversary of the date of the recordation of this Grant Deed in the Official Records.

(c) **Maintenance Guidelines and Manufactured Items Warranty Information**. Grantor's maintenance manual, including all Maintenance Guidelines and manufactured items limited warranty information that pertain to the Property (collectively, the **"Maintenance Guidelines and Manufactured Items Warranty Information"**) that are available as of the date such information was compiled by Grantor. Notwithstanding the foregoing, Grantor and Grantee acknowledge that as of the date of recordation of this Grant Deed, not all Maintenance Guidelines and Manufactured Items Warranty Information may be available and, therefore, Grantor shall have the right, by written notice to Grantee, to supplement or amend the Maintenance Guidelines and Manufactured Items Warranty Information from time to time. Nothing in the Maintenance Guidelines and Manufactured Items Warranty Information provided by Grantor to Grantee is intended to constitute, nor shall any Maintenance Guidelines and Manufactured Items Warranty Information be interpreted to constitute, an "enhanced protection agreement" as that term is defined in Section 901 of the California Civil Code. Grantee covenants to faithfully follow all Maintenance Guidelines and Manufactured Items Warranty Information, and Grantee covenants that it shall require all other occupants and users of the Property to follow all Maintenance Guidelines and Manufactured Items Warranty Information. Grantee further covenants to provide all Maintenance Guidelines and Manufactured Items Warranty Information to any subsequent purchaser of the Property from Grantee.

4.3 **Indemnity of Grantor by Grantee**. Grantee agrees to indemnify, defend and hold Grantor free and harmless from any loss, costs or damages arising from Grantee's failure to carry out Grantee's obligations under the terms of these Right to Repair Provisions.

4.4 **Covenants to Run With the Land.** The Property shall be held, conveyed, hypothecated, encumbered, leased, rented, occupied and used subject to the Right to Repair Provisions. The Right to Repair Provisions: (i) are intended and shall be construed as covenants running with and binding the Property pursuant to California Civil Code Section 1468 and as equitable servitudes; (ii) are binding on and burden all persons having or acquiring any right, title or interest in the Property (during their ownership of such interest), or any part thereof, and their successors and assigns; (iii) shall inure to the benefit of Grantor and its successors and assigns; and (iv) shall automatically terminate and be of no further force or effect upon the expiration of all applicable statutes of limitations or repose for the filing of a complaint or suit or other legal remedies against Grantor under the Right to Repair Law (including any tolling periods).

5. **Disposition of Disputes**. Matters other than Right to Repair Law Claims which meet the definition of "Dispute" under Section 12.4.2 of the Declaration shall be submitted for resolution in accordance with the nonadversarial dispute resolution process commencing in Sections 12.4.3, 12.4.4, and 12.4.5 of the Declaration (collectively, the **"Nonadversarial Procedure"**). If not resolved by the Nonadversarial Procedure, then the Dispute shall be submitted to arbitration or judicial reference in accordance with Sections 12.4.6 and 12.4.7 of the Declaration.

6866-112815\DEED\1067460.4
6/10/13
Shareholder Initials OT

*EXHIBIT 2*
*TO*
*GRANT DEED*

## GRANTEE ACCEPTANCE, AGREEMENT AND POWER OF ATTORNEY

1. **Acceptance**. Grantee, by signing below, (a) accepts and approves the Deed to which this Acceptance, Agreement and Power of Attorney is attached, (b) grants to Grantor such rights and powers as are set forth in the Declaration, (c) accepts, covenants, and agrees to be bound by all provisions set forth in the Declaration, including the Prelitigation Procedures, the Nonadversarial Procedure and the binding arbitration and judicial reference procedures set forth in Sections 12.4.6 and 12.4.7 of the Declaration.  Grantee has read, understood and agreed to the provisions of the Declaration and they are incorporated in this Grant Deed by this reference.

2. **Power of Attorney**. Grantee constitutes and irrevocably appoints Grantor, for so long as Grantor owns all or any portion of the "Community" (as defined in the Declaration) as Grantee's Attorney-in-Fact, for Grantee and for each of Grantee's mortgagees, optionees, grantees, licensees, trustees, receivers, lessees, tenants, judgment creditors, heirs, legatees, devisees, administrators, executors, legal representatives, successors and assigns, whether voluntary or involuntary, and Grantee hereby conveys to Grantor a special power of attorney coupled with an interest authorizing Grantor to act as Grantee's attorney in fact to prepare, execute, acknowledge and record any amendment to or restatement of the Plan, as Grantor deems to be reasonably necessary in order to correct errors, to conform to as-built conditions, or to bring the Plan into compliance with any City, County, State or Federal laws or regulations.

3. **Run with the Land**. Grantor and Grantee intend that the foregoing provisions are covenants which shall run with the land and be binding upon all subsequent owners.  Should it be determined that any of these provisions are not covenants which run with the land, Grantor and Grantee intend that these provisions are equitable servitudes which run with the land and are binding upon all subsequent owners.  Grantor and Grantee also intend that these provisions may be enforced by Grantor against Grantee and subsequent owners even if Grantor does not own property which is benefited by these provisions.

4. **Severability**. Should any of these provisions be held to be unenforceable, all of the other provisions shall remain binding and enforceable.  Should any of these provisions be held to not run with the land, all of the other provisions shall continue to run with the land.

5. **Ratification**. Grantee ratifies every act that Grantor may lawfully perform in exercising the above powers. Grantor is empowered to determine in Grantor's sole discretion the time, purpose, and manner in which any of the above powers conferred on the Grantor shall be exercised, and the conditions, provisions and covenants of any document which may be executed by Grantor pursuant to this grant.

2-1

Grantee further grants to Grantor such powers and rights which are set forth in the Declaration, this _____ day of _____, 20____.

.

73DT Business Properties, LLC,
a California limited liability company,
By:  7D Business Bureau, Inc.
a California Corporation, Member

_____

Print Name: Yosef Y. Manela, Manager

**"Grantee"**

2-2

STATE OF CALIFORNIA

COUNTY OF _____

On _____, _____, before me, _____

<small>(here insert name and title of the officer)</small>

personally appeared _____
who proved to me on the basis of satisfactory evidence to be the person whose name is
subscribed to the within instrument and acknowledged to me that he/she executed the same in
his/her authorized capacity, and that by his/her signature on the instrument the person, or the
entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

(SEAL)

STATE OF CALIFORNIA

COUNTY OF _____

On _____, _____, before me, _____

<small>(here insert name and title of the officer)</small>

personally appeared _____
who proved to me on the basis of satisfactory evidence to be the person whose name is
subscribed to the within instrument and acknowledged to me that he/she executed the same in
his/her authorized capacity, and that by his/her signature on the instrument the person, or the
entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

(SEAL)

2-3

**EXHIBIT 1**
**TO**
**GRANT DEED**

**LEGAL DESCRIPTION**

**Real property in the City of Beverly Hills, County of Los Angeles, State of California, which is described as follows (collectively, the "*Property*"):**

**PARCEL NO. 1**

Unit 203 (the "*Unit*") as shown and described in the Condominium Plan for 432 North Oakhurst (the "*Plan*") Recorded on December 6, 2012, as Document No. 2012-1870437 of Official Records of Los Angeles County ("*Official Records*"), which Plan affects Lot 1 of Tract No. 63361 as shown on a subdivision map ("*Map*") Filed in Book 1362 at Pages 3 to 5, inclusive, of Maps, in the Office of the Los Angeles County Recorder.

FURTHER RESERVING THEREFROM, for the benefit of Grantor, its successors in interest and assignees, together with the right to grant and transfer all or a portion of the same, provided, however, that the exercise of such rights and easements shall not unreasonably interfere with Grantee's reasonable use and enjoyment of the Property, nonexclusive easements for access, ingress, egress, encroachment, enforcement, support, completion, maintenance, drainage, use, enjoyment, repairs, public service use, and for the installation, maintenance and repair of utilities and similar facilities (including, but not limited to, electrical, telephone, gas, water and sewer lines, utility meters, storm drains, Telecommunications Facilities, and for other purposes, all as may be shown on the Plan or the Map or otherwise of record, or as described or reserved in the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for 432 North Oakhurst (as may be amended from time to time, the "*Declaration*"), recorded on December 12, 2012, as Document No. 2012-1911623 of Official Records. Capitalized terms used in this Grant Deed shall have the meanings given them in the Declaration, unless otherwise defined herein.

FURTHER RESERVING THEREFROM, for the benefit of Grantor, its successors in interest, assignees, representatives and contractors, the right to enter the Property and the Exclusive Use Areas described below (i) for inspection and repair of Improvements in accordance with the provisions of the "Right to Repair Law" (as defined below), (ii) to accommodate construction activities, and (iii) to comply with requirements of applicable governmental agencies. Grantor shall provide reasonable notice to Grantee before such entry, except for emergency situations which shall not require prior notice but shall require notice to Grantee within seven (7) days after such entry was made. For purposes hereof, an "emergency" is deemed to exist where there is an imminent threat of injury to persons or damage to property. Nothing in this paragraph limits the right of Grantee to exclusive occupancy and control over the Property. Any damage to the Property or to the Improvements constructed thereon caused by entry under this paragraph shall be repaired by the Grantor. Provided, however, that the Grantor's obligation to restore damage to the Property shall be limited to restoring it to the condition it was in immediately before such damage. If Grantee refuses to allow Grantor to exercise the rights reserved in this paragraph, then Grantor may enforce its rights with all legal and equitable remedies available to Grantor. The term of this reservation of right of entry shall

6866-112815\DEED\1067460.4
6/10/13
Shareholder Initials _____

automatically expire on the date that is twelve (12) years after the date on which this Grant Deed is Recorded in Official Records.

FURTHER RESERVING THEREFROM, for the benefit of Grantor, and its successors in interest and assignees, together with the right to transfer the same, nonexclusive easements for ingress, egress, access, encroachment, support, maintenance, repairs, drainage, enforcement and all other purposes as set forth in the Declaration and the Map.

**PARCEL NO. 2**

An undivided fee simple interest as a tenant in common in and to the Common Area described in the Plan, which interest is expressed as a fraction, the numerator of which is one (1) and the denominator of which is the number of Units shown in the Plan.

**PARCEL NO. 3**

Exclusive easements appurtenant to Parcel No. 1 described above, over portions of Lot 1 of Tract No. 63361, for use and enjoyment of rooftop deck, balcony or yard, as applicable and as described, assigned and approximately depicted in the Plan.  Grantee's use and enjoyment of the foregoing easements are subject to the restrictions in the Governing Documents, including the restrictions of Sections 2.2.1, 2.2.2, 2.2.3 (as applicable) and the maintenance requirements of *Exhibit C* of the Declaration.

**PARCEL NO. 4**

Exclusive easements in the Parking Garage for parking of Authorized Vehicles in assigned Parking Space(s) numbered 66, 67 and 68, as numbered and approximately depicted in the Plan, together with nonexclusive easements in the parking structure and over the private driveways on Lot 1 as reasonably necessary for access to and from public streets.  Grantee's use and enjoyment of the foregoing easements are subject to the restrictions in the Governing Documents, including the parking and transfer restrictions set forth in Sections 2.2.4, 2.10 and the maintenance requirements of *Exhibit C* of the Declaration.

**PARCEL NO. 5**

Exclusive easements over portions of Lot 1 of Tract No. 63361 for use and enjoyment of the assigned Storage Unit No. 21 & 22 as numbered and approximately depicted in the Plan and described in the Declaration.  Grantee's use and enjoyment of the foregoing easements are subject to the restrictions in the Governing Documents, including the restrictions on transfer, the maintenance requirements and the restrictions on storage of hazardous materials set forth in Section 2.2.5 and *Exhibit C* of the Declaration.

**PARCEL NO. 6**

Exclusive easements for placement, maintenance and operation of an air conditioning compressor and related equipment to the extent the same are located outside the Unit boundaries. Grantee's use and enjoyment of the foregoing easements are subject to the restrictions in the Governing Documents.

1-2

**PARCEL NO. 7**

Nonexclusive easements for access, egress, ingress, use, enjoyment, drainage, encroachment, support, maintenance, repairs, for internal and external telephone wiring designed to serve a single Unit, and for other purposes, all as described and reserved in the Declaration, the Plan and the Map.

**SUBJECT TO:**

1.      Nondelinquent general and special real property taxes and public and private assessments;

2.      All covenants, conditions, restrictions, easements, reservations, rights and rights-of-way of record, including without limitation, the Declaration, the Plan and the Map;

3.      All (i) matters discoverable or ascertainable by inspection or survey of the Property, (ii) zoning ordinances and regulations and any other laws, ordinances or governmental regulations restricting the use, occupancy or enjoyment of the Property, and (iii) any other matters already permitted or approved by Grantee; and

4.      The following provisions (collectively, the *"Right to Repair Provisions"*) pertaining to matters governed by the Requirements for Actions for Construction Defects set forth in Sections 895 through 945.5 of Title 7, Part C, Division 2 of the California Civil Code, and successor statutes (the *"Right to Repair Law"*):

4.1      **Disposition of Right to Repair Law Claims; Grantor Election to Use Statutory Process.**  Grantee is hereby notified of the existence of the nonadversarial dispute resolution procedures set forth in California Civil Code Sections 910 through 938 *("Prelitigation Procedure")*.  The Prelitigation Procedure impact the legal rights of the Grantee and Grantee's successors, assigns, subsequent owners, heirs, and parties holding any right or interest in the Property.  Grantor further notifies Grantee that Grantor intends to engage in the Prelitigation Procedure for the resolution of Right to Repair Law Claims (as defined in the Declaration).  If a Right to Repair Law Claim is not resolved after submittal to the Prelitigation Procedure, then the Right to Repair Law Claim will be submitted to binding arbitration or judicial reference in accordance with Section 12.4.6 or 12.4.7, respectively, of the Declaration.  To the extent that the Property was constructed by a general contractor or contractor that is an affiliate of Grantor and that is deemed to be the "builder" pursuant to California Civil Code Section 911, Grantor provides the foregoing notice on behalf of such general contractor and/or contractor.

4.2      **Grantee Acknowledgment of Receipt.**  Grantee, by accepting title to the Property, acknowledges that Grantor has provided, and Grantee has received, the following:

(a)      *Right to Repair Law*.  A written copy of the Right to Repair Law, which Grantee covenants to provide to any subsequent purchaser of the Property from Grantee.

(b)      *Fit and Finish Limited One Year Warranty*.  Grantee shall provide a copy of Grantor's Fit and Finish One Year Limited Warranty to any successor

6866-112815\DEED\1067460.4
6/10/13
Shareholder Initials

purchaser of the Property who acquires the Property on or before the first anniversary of the date of the recordation of this Grant Deed in the Official Records.

(c) ***Maintenance Guidelines and Manufactured Items Warranty Information***. Grantor's maintenance manual, including all Maintenance Guidelines and manufactured items limited warranty information that pertain to the Property (collectively, the ***"Maintenance Guidelines and Manufactured Items Warranty Information"***) that are available as of the date such information was compiled by Grantor. Notwithstanding the foregoing, Grantor and Grantee acknowledge that as of the date of recordation of this Grant Deed, not all Maintenance Guidelines and Manufactured Items Warranty Information may be available and, therefore, Grantor shall have the right, by written notice to Grantee, to supplement or amend the Maintenance Guidelines and Manufactured Items Warranty Information from time to time. Nothing in the Maintenance Guidelines and Manufactured Items Warranty Information provided by Grantor to Grantee is intended to constitute, nor shall any Maintenance Guidelines and Manufactured Items Warranty Information be interpreted to constitute, an "enhanced protection agreement" as that term is defined in Section 901 of the California Civil Code. Grantee covenants to faithfully follow all Maintenance Guidelines and Manufactured Items Warranty Information, and Grantee covenants that it shall require all other occupants and users of the Property to follow all Maintenance Guidelines and Manufactured Items Warranty Information. Grantee further covenants to provide all Maintenance Guidelines and Manufactured Items Warranty Information to any subsequent purchaser of the Property from Grantee.

4.3 **Indemnity of Grantor by Grantee**. Grantee agrees to indemnify, defend and hold Grantor free and harmless from any loss, costs or damages arising from Grantee's failure to carry out Grantee's obligations under the terms of these Right to Repair Provisions.

4.4 **Covenants to Run With the Land.** The Property shall be held, conveyed, hypothecated, encumbered, leased, rented, occupied and used subject to the Right to Repair Provisions. The Right to Repair Provisions: (i) are intended and shall be construed as covenants running with and binding the Property pursuant to California Civil Code Section 1468 and as equitable servitudes; (ii) are binding on and burden all persons having or acquiring any right, title or interest in the Property (during their ownership of such interest), or any part thereof, and their successors and assigns; (iii) shall inure to the benefit of Grantor and its successors and assigns; and (iv) shall automatically terminate and be of no further force or effect upon the expiration of all applicable statutes of limitations or repose for the filing of a complaint or suit or other legal remedies against Grantor under the Right to Repair Law (including any tolling periods).

5. **Disposition of Disputes**. Matters other than Right to Repair Law Claims which meet the definition of "Dispute" under Section 12.4.2 of the Declaration shall be submitted for resolution in accordance with the nonadversarial dispute resolution process commencing in Sections 12.4.3, 12.4.4, and 12.4.5 of the Declaration (collectively, the ***"Nonadversarial Procedure"***). If not resolved by the Nonadversarial Procedure, then the Dispute shall be submitted to arbitration or judicial reference in accordance with Sections 12.4.6 and 12.4.7 of the Declaration.

6866-112815\DEED\1067460.4
6/10/13
Shareholder Initials

*EXHIBIT 2*
*TO*
*GRANT DEED*

## GRANTEE ACCEPTANCE, AGREEMENT AND POWER OF ATTORNEY

1.    **Acceptance**.  Grantee, by signing below, (a) accepts and approves the Deed to which this Acceptance, Agreement and Power of Attorney is attached, (b) grants to Grantor such rights and powers as are set forth in the Declaration, (c) accepts, covenants, and agrees to be bound by all provisions set forth in the Declaration, including the Prelitigation Procedures, the Nonadversarial Procedure and the binding arbitration and judicial reference procedures set forth in Sections 12.4.6 and 12.4.7 of the Declaration.  Grantee has read, understood and agreed to the provisions of the Declaration and they are incorporated in this Grant Deed by this reference.

2.    **Power of Attorney**.  Grantee constitutes and irrevocably appoints Grantor, for so long as Grantor owns all or any portion of the "Community" (as defined in the Declaration) as Grantee's Attorney-in-Fact, for Grantee and for each of Grantee's mortgagees, optionees, grantees, licensees, trustees, receivers, lessees, tenants, judgment creditors, heirs, legatees, devisees, administrators, executors, legal representatives, successors and assigns, whether voluntary or involuntary, and Grantee hereby conveys to Grantor a special power of attorney coupled with an interest authorizing Grantor to act as Grantee's attorney in fact to prepare, execute, acknowledge and record any amendment to or restatement of the Plan, as Grantor deems to be reasonably necessary in order to correct errors, to conform to as-built conditions, or to bring the Plan into compliance with any City, County, State or Federal laws or regulations.

3.    **Run with the Land**.  Grantor and Grantee intend that the foregoing provisions are covenants which shall run with the land and be binding upon all subsequent owners.  Should it be determined that any of these provisions are not covenants which run with the land, Grantor and Grantee intend that these provisions are equitable servitudes which run with the land and are binding upon all subsequent owners.  Grantor and Grantee also intend that these provisions may be enforced by Grantor against Grantee and subsequent owners even if Grantor does not own property which is benefited by these provisions.

4.    **Severability**.  Should any of these provisions be held to be unenforceable, all of the other provisions shall remain binding and enforceable.  Should any of these provisions be held to not run with the land, all of the other provisions shall continue to run with the land.

5.    **Ratification**.  Grantee ratifies every act that Grantor may lawfully perform in exercising the above powers.  Grantor is empowered to determine in Grantor's sole discretion the time, purpose, and manner in which any of the above powers conferred on the Grantor shall be exercised, and the conditions, provisions and covenants of any document which may be executed by Grantor pursuant to this grant.

2-1

Grantee further grants to Grantor such powers and rights which are set forth in the Declaration, this _____ day of _____, 20____.

.

73DT Business Properties, LLC,
a California Limited Liability company,
By:  7D Business Bureau, Inc.
a California Corporation, Member

_____

Print Name: Yosef Y. Manela, Manager

**"Grantee"**

2-2

6866-112815\DEED\1067460.4
6/10/13
Shareholder Initials ___

STATE OF CALIFORNIA

COUNTY OF _____

On _____, \_\_\_\_\_, before me, _____
(here insert name and title of the officer)

personally appeared _____
who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

(SEAL)

STATE OF CALIFORNIA

COUNTY OF _____

On _____, \_\_\_\_\_, before me, _____
(here insert name and title of the officer)

personally appeared _____
who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

(SEAL)

2-3

**Fidelity National Title Company**
1250 Corona Pointe Court, Suite 605, Corona, CA 92879
Phone: (951) 272-0876 • Fax: (951) 272-0721

## WIRE INSTRUCTIONS

| | |
|---|---|
| WIRE TO: | **WELLS FARGO BANK**<br>**420 MONTGOMERY**<br>**SAN FRANCISCO, CA 94104** |
| ABA NUMBER: | **121000248** |
| INTERNATIONAL SWIFT: | **WFBIUS6S** |
| ACCOUNT NUMBER: | ▉ **0454** |
| FOR THE CREDIT OF: | **Fidelity National Title Company** |
| REF: | CREDIT TO ESCROW NO.: **23025331-001-MP** |
| AMOUNT | **$1,394,190.90 (this includes a $1,000.00 pad to cover estimated calculations)** |
| WIRE ON OR BEFORE: | **ASAP** |

I UNDERSTAND THAT IN ORDER TO CLOSE ESCROW, MY FUNDS DUE TO ESCROW MUST BE WIRED TO
THE ABOVE ACCOUNT ON OR BEFORE THE DATE INDICATED ABOVE.

**BUYER/BORROWER:**

**73DT Business Properties, LLC,**
**a California limited liability company,**
**By: 7D Business Bureau, Inc.,**
**a California Corporation, Member**

_____

**By: Yosef Y. Manela, Manager**

### **\*\*ESCROW NUMBER MUST BE REFERENCED ON ALL WIRING INSTRUCTIONS\*\***

WireInst

Shareholder Initials _____

Order No. 23025331-KC
Escrow No. 23025331-MP
Loan No.

**WHEN RECORDED MAIL TO:**

73DT Business Properties, LLC
432 North Oakhurst Drive, Unit 103
Beverly Hills, CA 90210

DOCUMENTARY TRANSFER TAX $_____                                    *SPACE ABOVE THIS LINE FOR RECORDER'S USE*

_____ Computed on the consideration or value of property conveyed, OR

_____ Computed on the consideration or value less liens or encumbrances
          remaining at time of sale.                                   _____
APN: _____                          Signature of Declarant or Agent determining tax – Firm Name

**432 NORTH OAKHURST**
# GRANT DEED

For valuable consideration, receipt of which is hereby acknowledged, **VIII O34 OWNER, LLC,** a Delaware limited liability company (**"*Grantor*"**), hereby grants to

73DT BUSINESS PROPERTIES, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

(**"*Grantee*"**), the real property in the City of Beverly Hills, Los Angeles County, California, described in **Exhibits 1** and **2** attached to and incorporated in this Grant Deed.

**THIS GRANT IS SUBJECT TO ALL PROVISIONS DESCRIBED IN EXHIBITS 1 AND 2.**

STATE OF CALIFORNIA                                  VIII O34 OWNER, LLC,
COUNTY OF LOS ANGELES                                a Delaware limited liability company

On _____, _____, before me, _____

_____    By:_____
Notary Public (here insert name and title of the officer),
                                                    Print Name:_____
personally appeared _____
                                                    Title:_____
_____.

who proved to me on the basis of satisfactory evidence to be the
persons whose names are subscribed to the within instrument and    By:_____
acknowledged to me that they executed the same in their
authorized capacities, and that by their signatures on the         Print Name:_____
instrument the persons, or the entities upon behalf of which the
persons acted, executed the instrument.                            Title:_____

I certify under PENALTY OF PERJURY under the laws of the                        **"Grantor"**
State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _____

**MAIL TAX STATEMENTS TO:**

_____
_____
_____

6866-112815\DEED\1067460.4
6/10/15
Shareholder Initials _____

**Buyer(s)/Borrower(s):** Transpacific Business Properties, LLC

**Seller(s):** VIII 034 OWNER, LLC

**Property:** 432 North Oakhurst Drive, Unit 103
Beverly Hills, CA 90210

| Description | Debit | Credit |
|---|---|---|
| **TOTAL CONSIDERATION:** | | |
| Contract Sales Price | 1,650,000.00 | |
| **ESCROW CHARGES:** | | |
| Escrow Fee to Fidelity National Title Company | 1,382.00 | |
| Messenger Fee to Fidelity National Title Company | 100.00 | |
| **TITLE CHARGES:** | | |
| CLTA Std. Owner's for $1,650,000.00 to Fidelity National Title Company | 1,906.30 | |
| **RECORDING FEES:** | | |
| Aggregate Recording Fee to Fidelity National Title Company | 125.00 | |
| County Transfer Tax to Fidelity National Title Company | 1,815.00 | |
| **ADDITIONAL CHARGES:** | | |
| Transfer to 23028564 to Fidelity National Title. | 46,500.00 | |
| Transfer to 23028564 to Fidelity National Title | 155,000.00 | |
| Patio Center Cost to 432 North Oakhurst Community Assn. | 36.27 | |
| HOA Dues to 432 North Oakhurst Community Assn. | 900.26 | |
| Transfer Fee to The Management Trust-Transpacific | 150.00 | |
| Water Deposit to 432 North Oakhurst Community Assn. | 75.00 | |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes from 12/03/2013 to 01/01/2014 based on the Semi-Annual amount of $2,128.55 | 331.11 | |
| Assessments from 12/03/2013 to 01/01/2014 based on the Monthly amount of $899.96 | 839.96 | |
| Natural Hazard Disclosure | 30.00 | |
| Deposit/Earnest Money | | 96,000.00 |
| Additional Deposit to Escrow | | 320,000.00 |
| Closing Incentive | | 50,000.00 |
| Sub Totals | 1,859,190.90 | 466,000.00 |
| Balance Due From Buyer/Borrower | | 1,393,190.90 |
| Totals | 1,859,190.90 | 1,859,190.90 |

Its agreed by the undersigned that the foregoing statement may change if a change in the escrow closing occurs or if other unforeseen contingencies arise. In the event changes in the statement become necessary, you are nevertheless authorized to close this escrow. It is understood that we will receive a final statement of account if the above totals are changed.

APPROVED AND ACCEPTED THIS _____ DAY OF _____

**iyer(s)/Borrower(s):**

73DT Business Properties, LLC,
a California limited liability company,
By: 7D Business Bureau, Inc.,
a California Corporation, Member

By: Yosef Y. Manela, Manager

**Fidelity National Title Company**
1250 Corona Pointe Court, Suite 605, Corona, CA 92879
Phone: (951) 272-0876 • Fax: (951) 272-0721

## WIRE INSTRUCTIONS

WIRE TO:                        **WELLS FARGO BANK**
                                **420 MONTGOMERY**
                                **SAN FRANCISCO, CA 94104**

ABA NUMBER:                     **121000248**

INTERNATIONAL SWIFT:            **WFBIUS6S**

ACCOUNT NUMBER:                 ███ **0454**

FOR THE CREDIT OF:              **Fidelity National Title Company**

REF:            CREDIT TO ESCROW NO.: **23028564-001-MP**

AMOUNT          **$1,306,828.79 (this includes a $1,000.00 pad to cover estimated calculations)**

WIRE ON OR BEFORE:              **ASAP**


I UNDERSTAND THAT IN ORDER TO CLOSE ESCROW, MY FUNDS DUE TO ESCROW MUST BE WIRED TO
THE ABOVE ACCOUNT ON OR BEFORE THE DATE INDICATED ABOVE.

**BUYER/BORROWER:**


**73DT Business Properties, LLC,**
**a California limited liability company,**
**By: 7D Business Bureau, Inc.**
**a California Corporation, Member**

_____

**Yosef Y. Manela, Manager**


**\*\*ESCROW NUMBER MUST BE REFERENCED ON ALL WIRING INSTRUCTIONS\*\***

WireInst

Shareholder Initials

Order No. 23028564-KC
Escrow No. 23028564-MP
Loan No.

**WHEN RECORDED MAIL TO:**

73DT Business Properties, LLC
432 North Oakhurst Drive, Unit 203
Beverly Hills, CA 90210

---

DOCUMENTARY TRANSFER TAX $_____     *SPACE ABOVE THIS LINE FOR RECORDER'S USE*

_____ Computed on the consideration or value of property conveyed, OR

_____ Computed on the consideration or value less liens or encumbrances
remaining at time of sale.

APN: _____     Signature of Declarant or Agent determining tax – Firm Name

**432 NORTH OAKHURST**
# GRANT DEED

For valuable consideration, receipt of which is hereby acknowledged, **VIII O34 OWNER, LLC,** a Delaware limited liability company (*"Grantor"*), hereby grants to

73DT BUSINESS PROPERTIES, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,

(*"Grantee"*), the real property in the City of Beverly Hills, Los Angeles County, California, described in **Exhibits 1** and **2** attached to and incorporated in this Grant Deed.

**THIS GRANT IS SUBJECT TO ALL PROVISIONS DESCRIBED IN EXHIBITS 1 AND 2.**

STATE OF CALIFORNIA                VIII O34 OWNER, LLC,
COUNTY OF LOS ANGELES              a Delaware limited liability company

On _____, _____, before me, _____
_____.           By:_____

Notary Public (here insert name and title of the officer), personally     Print Name:_____
appeared _____
_____.           Title:_____

who proved to me on the basis of satisfactory evidence to be the
persons whose names are subscribed to the within instrument and     By:_____
acknowledged to me that they executed the same in their
authorized capacities, and that by their signatures on the     Print Name:_____
instrument the persons, or the entities upon behalf of which the     Title:_____
persons acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the           **"Grantor"**
State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _____

**MAIL TAX STATEMENTS TO:**

_____
_____
_____

6866-112815\DEED\1067460.4
6/10/13
Shareholder Initials ___

| | | |
|---|---|---|
| iyer(s)/Borrower(s): | 73D1 Business Properties, LLC | |
| ller(s): | VIII 034 OWNER, LLC | |
| operty: | 432 North Oakhurst Drive, Unit 203<br>Beverly Hills, CA 90210 | |

| escription | Debit | Credi |
|---|---|---|
| **OTAL CONSIDERATION:** | | |
| Contract Sales Price | 1,550,000.00 | |
| **SCROW CHARGES:** | | |
| Escrow Fee to Fidelity National Title Company | 1,347.00 | |
| Messenger Fee to Fidelity National Title Company | 100.00 | |
| **TLE CHARGES:** | | |
| CLTA Std. Owner's for $1,550,000.00 to Fidelity National Title Company | 1,810.05 | |
| **ECORDING FEES:** | | |
| Aggregate Recording Fee to Fidelity National Title Company | 125.00 | |
| County Transfer Tax to Fidelity National Title Company | 1,705.00 | |
| **DDITIONAL CHARGES:** | | |
| HOA Dues to 432 North Oakhurst Community A | 863.69 | |
| Transfer Fee to The Management Trust-Transpacific | 150.00 | |
| Water Deposit to 432 North Oakhurst Community Assn. | 75.00 | |
| **RORATIONS AND ADJUSTMENTS:** | | |
| County Taxes from 12/03/2013 to 01/01/2014 based on the Semi-Annual<br>amount of $2,037.49 | 316.94 | |
| Assessments from 12/03/2013 to 01/01/2014 based on the Monthly amount<br>of $863.69 | 806.11 | |
| Natural Hazard Disclosure | 30.00 | |
| Deposit/Earnest Money | | 46,500.00 |
| Additional Deposit to Escrow | | 155,000.00 |
| Closing Incentive | | 50,000.00 |
| ub Totals | 1,557,328.79 | 251,500.00 |
| alance Due From Buyer/Borrower | | 1,305,828.79 |
| otals | 1,557,328.79 | 1,557,328.79 |

s agreed by the undersigned that the foregoing statement may change if a change in the escrow closing occurs or if other unforeseen ntingencies arise. In the event changes in the statement become necessary, you are nevertheless authorized to close this escrow. It is derstood that we will receive a final statement of account if the above totals are changed.

PROVED AND ACCEPTED THIS _____ DAY OF _____

Buyer(s)/Borrower(s):

73DT Business Properties, LLC,
a California limited liability company,
By: 7D Business Bureau, Inc.
a California Corporation, Member

_____

Yosef Y. Manela, Manager

**FIDELITY NATIONAL TITLE COMPANY**

1250 Corona Pointe Court, Suite 905, Corona, CA 92879

Phone: (951) 272-0876    Fax: (951) 272-0721

Buyers/Borrowers Closing Statement

Estimated

Escrow No: 33998984 - 001 MP        Close Date: 12/03/2013        Escrow Officer: Marianne Platt        Date Prepared: 11/27/2013

Buyer(s)/Borrower(s):

7BDT Business Properties, LLC,
a California limited liability company,
By: 7D Business Bureau, Inc.
a California Corporation, Member

_____

Yossi Y. Marelis, Manager

# FIDELITY NATIONAL TITLE COMPANY

1250 Corona Pointe Court, Suite 605, Corona, CA 92879

Phone: (951) 272-0876    Fax: (951) 272-0721

**Buyers/Borrowers Closing Statement**

**Estimated**

| | | | |
|---|---|---|---|
| Escrow No: 23028564 - 001 MP | Close Date: 12/03/2013 | Escrow Officer: Marianne Platt | Date Prepared: 11/27/2013 |

Buyer(s)/Borrower(s): 73DT Business Properties, LLC

Seller(s): VIII 034 OWNER, LLC

Property: 432 North Oakhurst Drive, Unit 203
Beverly Hills, CA 90210

| Description | Debit | Credit |
|---|---|---|
| **TOTAL CONSIDERATION:** | | |
| Contract Sales Price | 1,550,000.00 | |
| **ESCROW CHARGES:** | | |
| Escrow Fee to Fidelity National Title Company | 1,347.00 | |
| Messenger Fee to Fidelity National Title Company | 100.00 | |
| **TITLE CHARGES:** | | |
| CLTA Std. Owner's for $1,550,000.00 to Fidelity National Title Company | 1,810.05 | |
| **RECORDING FEES:** | | |
| Aggregate Recording Fee to Fidelity National Title Company | 125.00 | |
| County Transfer Tax to Fidelity National Title Company | 1,705.00 | |
| **ADDITIONAL CHARGES:** | | |
| HOA Dues to 432 North Oakhurst Community A | 863.69 | |
| Transfer Fee to The Management Trust-Transpacific | 150.00 | |
| Water Deposit to 432 North Oakhurst Community Assn. | 75.00 | |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes from 12/03/2013 to 01/01/2014 based on the Semi-Annual amount of $2,037.49 | 316.94 | |
| Assessments from 12/03/2013 to 01/01/2014 based on the Monthly amount of $863.69 | 808.11 | |
| Natural Hazard Disclosure | 30.00 | |
| Deposit/Earnest Money | | 46,500.00 |
| Additional Deposit to Escrow | | 155,000.00 |
| Closing Incentive | | 50,000.00 |
| **Sub Totals** | 1,557,328.79 | 251,500.00 |
| Balance Due From Buyer/Borrower | | 1,305,828.79 |
| **Totals** | 1,557,328.79 | 1,557,328.79 |

It is agreed by the undersigned that the foregoing statement may change if a change in the escrow closing occurs or if other unforeseen contingencies arise. In the event changes in the statement become necessary, you are nevertheless authorized to close this escrow. It is understood that we will receive a final statement of account if the above totals are changed.

APPROVED AND ACCEPTED THIS _____ DAY OF _____



Printed by Marianne Platt on 11/27/2013 - 6:03:29PM

Shareholder Initials Page 1 of 2

## FIDELITY NATIONAL TITLE COMPANY

1250 Corona Pointe Court, Suite 605, Corona, CA 92879

Phone: (951) 272-0876    Fax: (951) 272-0721

**Buyers/Borrowers Closing Statement**

**Estimated**

| | | | |
|---|---|---|---|
| Escrow No: 23025331 - 001 MP | Close Date: 12/03/2013 | Escrow Officer: Marianne Platt | Date Prepared: 11/27/2013 |

**Buyer(s)/Borrower(s):** 73DT Business Properties, LLC

**Seller(s):** VIII 034 OWNER, LLC

**Property:** 432 North Oakhurst Drive, Unit 103
Beverly Hills, CA 90210

| Description | Debit | Credit |
|---|---|---|
| **TOTAL CONSIDERATION:** | | |
| Contract Sales Price | 1,650,000.00 | |
| **ESCROW CHARGES:** | | |
| Escrow Fee to Fidelity National Title Company | 1,382.00 | |
| Messenger Fee to Fidelity National Title Company | 100.00 | |
| **TITLE CHARGES:** | | |
| CLTA Std. Owner's for $1,650,000.00 to Fidelity National Title Company | 1,908.30 | |
| **RECORDING FEES:** | | |
| Aggregate Recording Fee to Fidelity National Title Company | 125.00 | |
| County Transfer Tax to Fidelity National Title Company | 1,815.00 | |
| **ADDITIONAL CHARGES:** | | |
| Transfer to 23025564 to Fidelity National Title. | 46,500.00 | |
| Transfer to 23025564 to Fidelity National Title | 155,000.00 | |
| Patio Center Cost to 432 North Oakhurst Community Assn. | 36.27 | |
| HOA Dues to 432 North Oakhurst Community Assn. | 900.26 | |
| Transfer Fee to The Management Trust-Transpecific | 150.00 | |
| Water Deposit to 432 North Oakhurst Community Assn. | 75.00 | |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes from 12/03/2013 to 01/01/2014 based on the Semi-Annual amount of $2,128.55 | 331.11 | |
| Assessments from 12/03/2013 to 01/01/2014 based on the Monthly amount of $899.95 | 839.96 | |
| Natural Hazard Disclosure | 30.00 | |
| Deposit/Earnest Money | | 96,000.00 |
| Additional Deposit to Escrow | | 320,000.00 |
| Closing Incentive | | 50,000.00 |
| **Sub Totals** | 1,859,190.90 | 466,000.00 |
| Balance Due From Buyer/Borrower | | 1,393,190.90 |
| **Totals** | 1,859,190.90 | 1,859,190.90 |

It is agreed by the undersigned that the foregoing statement may change if a change in the escrow closing occurs or if other unforeseen contingencies arise. In the event changes in the statement become necessary, you are nevertheless authorized to close this escrow. It is understood that we will receive a final statement of account if the above totals are changed.

APPROVED AND ACCEPTED THIS _____ DAY OF _____



Shareholder Initials Page 1 of 2

**FIDELITY NATIONAL TITLE COMPANY**
1250 Corona Pointe Court, Suite 605, Corona, CA 92879
Phone: (951) 272-0876   Fax: (951) 272-0721
Buyers/Borrowers Closing Statement
Estimated

Escrow No: 23025331 - 001 MP          Close Date: 12/03/2013          Escrow Officer: Marianne Platt          Date Prepared: 11/27/2013

Buyer(s)/Borrower(s):

7DOT Business Properties, LLC,
a California limited liability company,
By: 7D Business Bureau, Inc.,
a California Corporation, Member

By: Yosef Y Manela, Manager